AUMAN v FEDERAL INSURANCE COMPANY

1. INSURANCE—DUTY—GOOD FAITH—NEGOTIATING SETTLEMENTS— DAMAGES.

An insurance company has a duty to act in good faith with respect to the interest of the insured when negotiating settlements, and if it fails so to act, the insured may bring an action for the damages he suffers as a result.

2. JUDGMENT—SUMMARY JUDGMENT—FAILURE TO STATE CLAIM—AP-PEAL AND ERROR—COURT RULES.

Summary judgment was improperly granted to a defendant on the ground that the plaintiff had failed to state a claim upon which relief could be granted where the plaintiff's complaint properly stated a valid cause of action (GCR 1963, 117.2[1]).

3. JUDGMENT—SUMMARY JUDGMENT—ISSUES OF MATERIAL FACT— BENEFIT OF DOUBT—GENUINE ISSUES OF MATERIAL FACT—COURT RULES.

Summary judgment was improperly granted to a defendant on the ground that there was no genuine issue as to any material fact where it is clear, interpreting the pleadings and affidavits to give the benefit of reasonable doubt to the plaintiff, that there existed a genuine issue of material fact (GCR 1963, 117.2[3]).

Appeal from Crawford, William A. Porter, J. Submitted November 1, 1977, at Lansing. (Docket No. 31417.) Decided February 27, 1978. Leave to appeal applied for.

Complaint by Donald R. Auman against the Federal Insurance Company for damages for breach of defendant's duty to defend the plaintiff from claims arising out of the operation of a motor

REFERENCES FOR POINTS IN HEADNOTES

[1] 44 Am Jur 2d, Insurance §§ 1530, 1531, 1533.
[2] 73 Am Jur 2d, Summary Judgment §§ 22, 23.
[3] 73 Am Jur 2d, Summary Judgment § 32.

vehicle insured under a policy issued by defendant. Summary judgment for defendant. Plaintiff appeals. Reversed and remanded.

*Dreyer & Braeuninger*, for plaintiff.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen* (by *D. J. Watters* and *Christine D. Oldani*), for defendant.

Before: J. H. GILLIS, P. J., and BASHARA and H. L. HEADING,* JJ.

PER CURIAM. Plaintiff appeals from the trial court's order granting summary judgment to defendant.

Plaintiff in his complaint alleged that he was damaged by defendant's breach of its duty to defend plaintiff in good faith from claims arising out of operation of a motor vehicle insured under a policy issued by defendant. Plaintiff was operating an insured motor vehicle when it was involved in an accident. Defendant negotiated a settlement for $100,000, the amount of the policy limits, with third parties who suffered damages as a result of that accident. In exchange for the settlement, the claimants signed an agreement not to sue defendant and its policyholder, but preserved their rights against plaintiff, which rights they are seeking to enforce in an action for damages in excess of $500,000.

In moving for summary judgment, defendant called the attention of the trial court to the provision in the insurance policy excusing defendant from defending claims filed after the policy limits have been exhausted. The trial court held that

* Detroit Recorder's Court judge, sitting on the Court of Appeals by assignment.

defendant, having paid the amount of the policy limits in the settlement, had fulfilled its contractual obligation. Accordingly, he granted summary judgment to defendant.

An insurance company in negotiating settlements has a duty to act in good faith with respect to the interest of the insured, and if it fails so to act, the insured may bring an action for the damages he suffers as a result, *City of Wakefield v Globe Indemnity Co*, 246 Mich 645; 225 NW 643 (1929), *Citizens Mutual Insurance v Nationwide Insurance*, 29 Mich App 91; 185 NW2d 99 (1970). Because plaintiff's complaint properly stated a valid cause of action, summary judgment was improper under GCR 1963, 117.2(1).

The trial court's action in granting summary judgment to defendant is also not proper under GCR 1963, 117.2(3). The affidavit filed in support of defendant's motion for summary judgment does not assert that defendant acted in good faith in negotiating the settlement, a matter put in issue by plaintiff in his complaint. It is clear, interpreting the pleadings and affidavits to give the benefit of reasonable doubt to plaintiff, that there exists a genuine issue of material fact, *Rizzo v Kretschmer*, 389 Mich 363; 207 NW2d 316 (1973). There must therefore be a trial.

Reversed and remanded for trial on the merits. Costs to plaintiff.